

810 Seventh Avenue
Suite 410
New York, New York 10019
Main: 212.344.5200
Fax: 212.344.5299
www.reidcollins.com

P. Jason Collins | Partner
Direct: 212.344.5206
jcollins@reidcollins.com

October 28, 2019

<u>*Via* ECF and Hand Delivery</u>

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Kravitz v. Tavlarios, et al.*, No. 19 Civ. 8438 (S.D.N.Y.)

Dear Judge Buchwald:

    We represent Peter Kravitz, Trustee of the Aegean Litigation Trust (the "Trustee"). I write pursuant to Rule 2(b) of the Court's Individual Motion Practices and Rules to request a pre-motion conference before moving for entry of default against all defendants pursuant to Federal Rule of Civil Procedure 55(a).

    We hope that a pre-motion conference can obviate the need for the motion. On September 23, 2019, the Trustee's counsel offered Defendants' counsel a reasonable extension to answer or otherwise respond to the Trustee's complaint. Yet the Defendants rejected the Trustee's offer to extend the Defendants' time to file a pre-motion letter for a proposed motion to dismiss through November 15, 2019. The Trustee's proposed November 15th deadline is nearly ***60 days*** after service was complete. There is no reason to delay the Trustee's ability to prosecute his claims by setting a response date after November 15th. As the Trustee made clear in counsel's letter to the Court dated October 4, 2019, he does not want the schedule for this case to be tethered to the far more complex securities class action also pending in this Court. *See In re Aegean Marine Petroleum Network, Inc. Securities Litigation*, No. 18 Civ. 4993 (the "Class Action"). In contrast to the Class Action, the Trustee's lawsuit involves a single plaintiff and four domestic defendants, and the Trustee's claims encompass distinct legal issues and different sets of proof as to both liability and damages

Defendants refused the Trustee's reasonable proposal even though they are in default. The Trustee initiated this lawsuit on September 11, 2019, and subsequently served the four defendants—E. Nikolas Tavlarios, Peter C. Georgiopolous, John P. Tavlarios, and George Konomos (collectively, "Defendants")—as follows:

| Defendant | Date of Service | Method | Governing Rule |
|---|---|---|---|
| J. Tavlarios | 9/21/19 | Personal | FRCP 4(e)(2)(A); Conn. Gen. Stat. § 52-57(a) |
| E.N. Tavlarios | 9/21/19 | Abode | FRCP 4(e)(1); Conn. Gen. Stat. § 52-57(a) |
| Konomos | 9/19/19 | Personal | FRCP 4(e)(2)(A); CPLR 308(1) |
| Georgiopoulos | 9/16/19 | Abode | FRCP 4(e)(2)(B); CPLR 308(2) |

*See* Dkt. 12, 13, 14, 15. Federal Rule of Civil Procedure 12(a)(1)(A)(i), which required Defendants to answer or otherwise respond to the Trustee's Complaint within 21 days of service, created the following deadlines for Defendants' respective responses:

| Defendant | Answer Deadline |
|---|---|
| J. Tavlarios | 10/15/19 |
| E.N. Tavlarios | 10/15/19 |
| Konomos | 10/10/19 |
| Georgiopoulos | 10/07/19 |

To date, no defendant has answered the Trustee's Complaint or otherwise responded under Federal Rule of Civil Procedure 12. Thus, Defendants have "failed to plead or otherwise defend" this lawsuit and the Trustee is entitled to entry of default. Fed. R. Civ. P. 55.

The Trustee's November 15th proposed deadline was and is quite reasonable, particularly given that the Trustee offered to agree to stay discovery during the pendency of any motions to dismiss, so long as Defendants also agreed to waive any argument about service of process. Nevertheless, Defendants rejected the Trustee's proposal. Defendants instead insisted on a December 6, 2019 deadline to file a pre-motion letter, but the Trustee cannot agree to an additional three-week delay for Defendants to file a three-page pre-motion letter. Weeks of meeting and conferring could not resolve this impasse.

The Trustee would prefer to respond directly to whatever dismissal theories Defendants may offer in their promised pre-motion letter rather than litigate a motion for entry of default. But Defendants have put the Trustee in an untenable position by demanding an excessive extension. The Trustee therefore respectfully requests that the Court schedule a pre-motion conference

concerning his intended motion for entry of default under Federal Rule of Civil Procedure 55(a). Alternatively, the Trustee requests a pre-motion conference to establish a briefing schedule for Defendants' anticipated motions to dismiss.

                                      Very truly yours,

                                      P. Jason Collins