October 28, 2019

<u>**Via ECF**</u>
Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    <u>*Kravitz v. Tavlarios, et al.*, No. 19 Civ. 8438 (NRB)</u>

Dear Judge Buchwald:

      The undersigned counsel represent the Defendants E. Nikolas Tavlarios, Peter C. Georgiopolous, John P. Tavlarios, and George Konomos in the above-referenced action. We write in response to Plaintiff Peter Kravitz's October 28, 2019 letter, which requested a pre-motion conference in advance of a threatened motion for entry of default. (Dkt. No. 21.) As reflected in Plaintiff's letter, over the last couple of weeks, the parties have been engaged in ongoing discussions regarding acceptance of service of the Complaint, the timing for Defendants to file a pre-motion letter pursuant to the Court's rules, and a stay of discovery pending resolution of Defendants' anticipated motions to dismiss.

      The parties have made progress in those discussions, with the sole remaining issue concerning the timing of the pre-motion letter. Plaintiff has insisted that Defendants file their letter by no later than November 15, 2019, while Defendants have taken the position that the parties should have the benefit of a status report that is expected to be filed in a matter of days by Lead Counsel in the closely related matter of *In re Aegean Marine Petroleum Network, Inc. Securities Litigation*, No. 18 Civ. 4993 (NRB) (the *"Aegean* Action"), which is also pending before Your Honor. In the alternative, as a compromise, Defendants have proposed to file their pre-motion letter by December 6, 2019, subject to approval from the Court. The parties discussed these issues as recently as late last week. We were, therefore, quite surprised to learn this morning that Plaintiff had filed a pre-motion letter threatening to seek a default and erroneously advising the Court that all defendants have been served (they have not).

      For the reasons discussed below, Plaintiff's application is premature and his threat to seek a default is improper. Defendants continue to believe that the most prudent course is to wait for the status report in the *Aegean* Action before setting a schedule in this case. Alternatively, Defendants respectfully request that the Court set a deadline of December 6, 2019, for the filing of Defendants' pre-motion letter and schedule a pre-motion conference thereafter, pursuant to Rule 2.B. of Your Honor's Individual Practices ("Rule 2.B.").

      First, Plaintiff has no basis to seek entry of a default judgment and does not even purport to address the relevant factors that he would need to establish to succeed on such a motion. Fed.

Hon. Naomi Reice Buchwald
October 28, 2019
Page 2

R. Civ. P. 55(b)(2).  Prior to today, Plaintiff had never expressed an intention to move for entry of default.  To the contrary, Plaintiff has assured Defendants that no response will be required while the parties reach agreement on a briefing schedule and related issues.  Moreover, contrary to Plaintiff's representation in his letter, Defendant Nikolas Tavlarios has never been served in this matter and his time to file a response to the Complaint has not commenced.  During calls on October 16, and 21, we reminded Plaintiff's counsel that Mr. N. Tavlarios had not been properly served.[1]  This is because Plaintiff's attempt to serve Mr. N. Tavlarios apparently consisted of leaving a copy of the Complaint at a residence that Plaintiff could easily have determined was not Mr. N. Tavlarios' current address.  (Dkt. No. 12.)  The fact that Mr. N. Tavlarios has not been served is evident from the fact that Plaintiff has asked all counsel, including counsel for Mr. N. Tavlarios, to accept service of the Complaint as part of any agreement on scheduling—a fact that Plaintiff acknowledges in his letter.  (*See* Dkt. No. 21 at 2 (noting that Plaintiff seeks an agreement by Defendants "to waive any argument about service of process").)[2]  There is no basis for Plaintiff to seek entry of default here.

　　　　Second, Defendants believe it is premature to set a schedule for the filing of a pre-motion letter when Lead Plaintiff in the *Aegean* Action is expected to file a status report with the Court on October 31, 2019.  (Dkt. No. 111, *Aegean* Action.)  That report will shed light on Lead Plaintiff's efforts to serve the remaining Defendants in the *Aegean* Action, which will, in turn, bear on the timing of any motions to dismiss in that matter.  For the reasons set forth in a related-case letter dated October 1, 2019, Defendants believe there is significant overlap between this action and the *Aegean* Action and that there are inherent efficiencies in placing the actions on parallel tracks.  (Dkt. No. 9.)  While the allegations in the cases are not identical—and, in fact, are contradictory in ways that are highly relevant to the Defendants in these actions—the underlying facts and defenses overlap significantly.  Moreover, to the extent there is a need for discovery in either action, that discovery—which will almost entirely implicate information and materials in Greece—will be substantially identical.  Accordingly, Defendants believe it would make sense to place both cases on the same schedule.  To the extent, however, that Plaintiff wants to set a schedule immediately, Defendants have proposed that their pre-motion letter be filed by December 6, 2019.  This would give the parties the benefit of the status report in the *Aegean* Action and permit Defendants and their counsel (one of whom was just retained) to sort out certain administrative issues, get fully up to speed on the relevant issues, and work cooperatively to file a single pre-motion letter on behalf of all Defendants.  Plaintiff has never explained why such a schedule would be unreasonable or cause Plaintiff any prejudice.  Instead,

---

[1] This discussion was prompted by Plaintiff's filing of purported affidavits of service on October 16, 2019, the day *after* responses from Defendants Nikolas Tavlarios and John Tavlarios were supposedly due.  This was the first time that we learned that Plaintiff had attempted to serve Mr. N. Tavlarios, despite the fact that counsel had been engaged in regular discussions during this time period about acceptance of service on Mr. N. Tavlarios's behalf.

[2] Earlier today, we invited Plaintiff to submit a follow-up letter with the Court correcting the misstatement in Plaintiff's letter regarding the status of his attempt to serve Mr. N. Tavlarios.  Plaintiff declined to do so.

Hon. Naomi Reice Buchwald
October 28, 2019
Page 3

Plaintiff responded to Defendants' proposal by declaring that the parties are at an impasse and filing the letter this morning.

Accordingly, Defendants respectfully request that the timing of a response to the Complaint be deferred until Lead Counsel in the *Aegean* Action files its status report in three days, at which time the parties can resume their discussions to reach agreement on acceptance of service of the Complaint, a stay of discovery, and a deadline for filing a pre-motion letter. Alternatively, Defendants respectfully request that the Court set a deadline of December 6, 2019, for their pre-motion letter and schedule a pre-motion conference thereafter pursuant to Rule 2.B.[3]

Respectfully submitted,

Joshua A. Goldberg
Patterson Belknap Webb & Tyler LLP
Counsel for E. Nikolas Tavlarios

Michael Tremonte
Sher Tremonte LLP
Counsel for Peter C. Georgiopolous

Jonathan S. Abernethy
Cohen & Gresser, LLP
Counsel for John P. Tavlarios

Jonathan Bach
Shapiro Arato Bach LLP
Counsel for George Konomos

Cc:  All counsel (via ECF)

---

[3] In connection with the schedule set by the Court, Defendants remain willing to reach agreement with Plaintiff regarding waiver of any argument related to service of the Complaint and a stay of discovery pending resolution of the anticipated motions to dismiss.