November 25, 2019

**Via ECF**
Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Kravitz v. Tavlarios, et al.*, No. 19 Civ. 8438 (NRB)

Dear Judge Buchwald:

We represent Defendants E. Nikolas Tavlarios, Peter C. Georgiopolous, John P. Tavlarios, and George Konomos in the above-referenced action. We respectfully submit this letter, pursuant to Rule 2.B. of Your Honor's Individual Practices, to request a pre-motion conference prior to the filing of a motion to dismiss and to inform the Court of the bases for Defendants' anticipated motion.

This case arises from allegations that the founder and former CEO of Aegean Marine Petroleum Network, Inc. ("Aegean"), Dimitris Melisanidis, defrauded the company through a series of undisclosed related-party transactions, and then actively covered up his misconduct using fake trade receivables, bogus money transfers, and other forms of accounting fraud. Plaintiff Peter Kravitz, acting as Trustee of the Aegean Litigation Trust, alleges that Melisanidis was able to perpetrate his fraud because Defendants, former officers and directors of Aegean,[1] purportedly failed to appropriately monitor his conduct. Plaintiff does not allege that Defendants participated in the alleged misconduct, knew about it, intentionally facilitated it, or directly benefited from it. Nor does he allege that they failed to implement controls and reporting mechanisms. Rather, Plaintiff alleges that Defendants *could* have uncovered and stopped Melisanidis's misconduct if they had been more vigilant, and that their failure to do so constituted a breach of their fiduciary duties to Aegean. Plaintiff seeks hundreds of millions of dollars in damages, purportedly representing the harm caused by Melisanidis's alleged misconduct and the compensation Defendants received from the company.

Aegean is an international marine fuel logistics transportation company, which is incorporated in the Marshall Islands with its principal executive offices in Greece.[2] Because Aegean is a Marshall Islands corporation, this case is governed by the laws of the Marshall Islands, which track Delaware Law. *See Litwin v. OceanFreight, Inc.*, 865 F. Supp. 2d 385, 397

---

[1] N. Tavlarios was President and Principal Executive Officer from December 2006 until June 1, 2017. J. Tavlarios and Georgiopolous served on the board of directors during the same time period. Konomos served as a board member and chairman of the Audit Committee from November 2008 until June 4, 2018.

[2] *See* Aegean, IPO Prospectus (Nov. 24, 2006); Aegean, Form 20-F (2006-2017); *see also Finocchiaro v. NQ Mobile, Inc.*, 2018 U.S. Dist. LEXIS 32942, at *3 (S.D.N.Y. Feb. 27, 2018) (Buchwald, J.) (SEC filings are judicially noticeable).

Hon. Naomi Reice Buchwald
November 25, 2019
Page 2

(S.D.N.Y. 2011).[3] Under Delaware Law, the circumstances in which a plaintiff can recover from officers or directors for failing to prevent harm to a corporation are exceedingly rare. *See In re Caremark Int'l*, 698 A.2d 959, 971 (Del. Ch. 1996). Indeed, a *Caremark* failure-to-monitor claim "has been repeatedly characterized as possibly the most difficult theory in corporate law upon which a plaintiff might hope to win a judgment." *Corp. Risk Holdings LLC v. Rowlands*, 2018 U.S. Dist. LEXIS 171346, at *9 (S.D.N.Y. Sept. 28, 2018) (citation omitted).

Here, Plaintiff alleges that Defendants breached their fiduciary duties of care, loyalty and good faith by failing to appropriately monitor Melisanidis and by approving transactions that Plaintiff alleges ultimately caused losses to the company. To survive a motion to dismiss, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Applying this standard, Plaintiff's Complaint should be dismissed on numerous grounds.

*First*, the Complaint runs afoul of Aegean's corporate bylaws, which contain an exculpatory clause that precludes actions against directors and officers for violations of the duty of care.[4] Under Delaware law, fiduciary duty claims that are foreclosed by an exculpatory clause should be dismissed at the pleadings stage. *See, e.g.*, *In re BH S&B Holdings LLC*, 420 B.R. 112, 144-45 (S.D.N.Y. Bankr. 2009).

*Second*, even without the exculpatory clause, the Complaint cannot overcome the business judgment rule, which gives deference to officers and directors and insulates them from claims such as those brought here. *See Ryan v. Armstrong*, 2017 Del. Ch. LEXIS 80, *22 (Del. Ch. May 15, 2017). To overcome the business judgement rule, a plaintiff must articulate facts "that suggest a *wide* disparity between the process the directors used and a process which would have been rational." *In re Zale Corp. Stockholders Litig.*, 2015 Del. Ch. LEXIS 274, *9-10 (Del. Ch. Oct. 29, 2015) (citation omitted). Merely alleging that Defendants should have known that fraud was taking place or should have done more to realize fraud occurred is insufficient to prove gross negligence. *See In re Liquid Holdings Grp., Inc.*, 2018 Bankr. LEXIS 1665, *32 (D. Del. Bankr. June 6, 2018). Yet that is all that Plaintiff alleges here.

*Third*, Plaintiff has failed to plead a viable breach of loyalty claim. Such a claim

---

[3] A federal court sitting in diversity applies the choice of law rules from the forum state, and New York law dictates that the law of the state of incorporation governs an allegation of breach of fiduciary duty owed to a corporation. *Walton v. Morgan Stanley & Co.*, 623 F.2d 796, 798 n.3 (2d Cir. 1980).

[4] The exculpatory clause in Aegean's bylaws provides that "[n]o director or officer of the Corporation shall be personally liable to the Corporation … for monetary damages for breach of fiduciary duty as a director or officer," provided they do not violate the duty of loyalty or act in bad faith. *See* Aegean, Registration Statement for Certain Foreign Issuers (Form F-1) (Nov. 17, 2005), Ex. 3.2 (Art. XII, §11).

Hon. Naomi Reice Buchwald
November 25, 2019
Page 3

"cannot rest on facts that simply support the notion that the directors made an unreasonable or even grossly unreasonable judgment. Rather, it must rest on facts that support a fair inference that the directors consciously acted in a manner contrary to the interests of [a company] and its stockholders." *In re Lear Corp. S'holder Litig.*, 967 A.2d 640, 652 (Del. Ch. 2008). "In alleging that a director breached his duty of loyalty, the element of the director's scienter must be pled with particularity." *In re Trinsum Grp., Inc.*, 466 B.R. 596, 611 (S.D.N.Y. Bankr. 2012). "[T]here is a vast difference between an inadequate or flawed effort to carry out fiduciary duties and a conscious disregard for those duties." *Lyondell Chem. Co. v. Ryan*, 970 A.2d 235, 243 (Del. Sup. Ct. 2009). Here, Plaintiff has not adequately alleged flawed efforts, let alone conscious disregard.

*Fourth*, Plaintiff has not come close to alleging bad faith, which is a "necessary condition to liability" for a duty of loyalty claim. *Stone v. Ritter*, 911 A.2d 362, 369-370 (Del. Sup. Ct. 2006). Plaintiff does not plead any facts showing that defendants "utterly failed to implement a system of controls" or "consciously failed to monitor or oversee its operations," as is required to allege a *Caremark* claim. *Rahbari v. Oros*, 732 F. Supp. 2d 367, 383 (S.D.N.Y. 2010) (Buchwald, J.). The "kind of fact pleading that is critical to a *Caremark* claim" requires a plaintiff to allege that the defendants "had clear notice of serious accounting irregularities and simply chose to ignore them." *Guttman v. Huang*, 823 A.2d 492, 507 (Del. Ch. 2003). Here, far from showing a violation, the Complaint makes clear that Defendants implemented reasonable controls, worked with outside experts to monitor the company's finances, and fulfilled their fiduciary duties. For example, the Complaint concedes that on a relevant issue allegedly raised with the Audit Committee, it "engaged outside counsel to review" the issue. Compl. ¶ 53. To the extent Melisanidis was able to perpetrate a fraud, he did so in spite of, and not because of, Defendants' oversight, a point made clear by the Complaint itself.

*Fifth*, Plaintiff has failed to allege facts on which he could recover the damages he seeks. *See Avande, Inc. v. Evans*, 2019 Del. Ch. LEXIS 305, *47 (Del. Ch. Aug. 13, 2019) ("In order to disgorge [a director or officer's] salary, [plaintiff] must establish that [the director or officer's] misconduct somehow unfairly increased his compensation.").

*Finally*, Plaintiff's claims are time-barred to the extent they seek damages for any alleged wrongful acts that occurred more than three years before filing. *See In re W.J. Bradley Mortg. Capital, LLC*, 598 B.R. 150, 167 (D. Del. Bankr. Feb. 1, 2019). Here, several pertinent acts allegedly occurred more than three years before filing and Plaintiff has not shown the statute was tolled. *See In re Tyson Foods, Inc.*, 919 A.2d 563, 584-85 (Del. Ch. 2007).

In short, the Complaint contains a plethora of allegations against Melisanidis—and of his attempts to conceal his wrongdoing—but scant allegations about Defendants. Plaintiff relies on conclusory assertions, generalized allegations, and rank speculation, none of which makes out a valid basis for a breach of a fiduciary duty claim. Defendants intend to move to dismiss the Complaint pursuant to Rule 12(b)(6) and respectfully request a pre-motion conference in advance of filing such motion, pursuant to Rule 2.B. of Your Honor's Individual Practices.

Hon. Naomi Reice Buchwald
November 25, 2019
Page 4

Respectfully submitted,

Joshua A. Goldberg
Patterson Belknap Webb & Tyler LLP
Counsel for E. Nikolas Tavlarios

Michael Tremonte
Sher Tremonte LLP
Counsel for Peter C. Georgiopolous

Jonathan S. Abernethy
Cohen & Gresser, LLP
Counsel for John P. Tavlarios

Jonathan Bach
Shapiro Arato Bach LLP
Counsel for George Konomos

Cc:     All counsel (via ECF)