reid | collins

810 Seventh Avenue
Suite 410
New York, New York 10019
Main: 212.344.5200
Fax: 212.344.5299
www.reidcollins.com

P. Jason Collins | Partner
Direct: 212.344.5206
jcollins@reidcollins.com

December 2, 2019

*Via* **ECF and Facsimile**

Hon. Naomi Reice Buchwald
United States District Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007
F: 212.805.7927

  Re: *Kravitz v. Tavlarios, et al.*, No. 19 Civ. 8438 (S.D.N.Y.)

Dear Judge Buchwald:

  We represent Peter Kravitz, Trustee of the Aegean Litigation Trust (the "**Trustee**"), in connection with the claims of the Aegean Litigation Trust against E. Nikolas Tavlarios, Peter C. Georgiopolous, John P. Tavlarios, and George Konomos (together, the "**Defendants**"), that are currently pending before this Court in the above-styled action. Pursuant to Your Honor's Individual Practices, the Trustee submits this response to Defendants' November 25, 2019 request for a pre-motion conference [Dkt. No. 34] (the "**Joint Letter**") regarding Defendants' intent to move under FRCP 12(b)(6) to dismiss the Trustee's claims for breach of fiduciary duty for failure to state a claim for relief (the "**Proposed Motion**").

  In the Complaint, the Trustee alleges that Defendants—former directors and officers of Aegean—had duties to oversee Aegean's business, including duties of care, loyalty, and good faith that required monitoring its systems of internal control, insider transactions, and financial dealings. The Trustee alleges that Defendants knowingly abdicated those duties, leaving Aegean's former CEO, Dimitris Melisanidis ("**Melisanidis**"), free to defraud Aegean and manipulate its finances without any monitoring, oversight, or scrutiny. As described in the Complaint, Defendants—in bad faith dereliction and breach of their duties—turned their heads as Melisanidis essentially had his way with Aegean and rendered it hopelessly insolvent. Defendants were all aware of numerous irregularities and other red flags during their tenure, yet they did nothing to prevent Melisanidis from using his position to denude Aegean of value. Melisanidis's various schemes finally unraveled when a group of activist investors successfully sought the appointment of three independent board members in May 2018. Those board members began an investigation into Aegean's financials (the "**2018 Audit Committee Investigation**") and quickly discovered the existence and extent of Melisanidis's fraudulent activity. Following the completion of the 2018 Audit Committee Investigation, Aegean reported on November 2, 2018, that Melisanidis and/or his affiliates had misappropriated over $300 million from Aegean. These revelations ultimately

Re:     *Kravitz v. Tavlarios, et al.*, No. 19 Civ. 8438 (S.D.N.Y.)
December 2, 2019
Page 2

led Aegean to file bankruptcy days later on November 6, 2018. The new independent directors who initiated the 2018 Audit Committee Investigation did not have more or different authority or investigative powers than Defendants. As the Joint Letter reveals, Defendants have no justification for their conduct and are left to hide behind the business judgment rule and a boilerplate exculpatory clause in Aegean's corporate bylaws that do not insulate Defendants' knowing and bad faith conduct. The Trustee's legal theory is simple: had Defendants earlier sought to protect Aegean from Melisanidis as the independent directors later did, they could have prevented Melisanidis's company-destroying wrongdoing. By this action, the Trustee seeks to recover from Defendants more than $300 million that was misappropriated from Aegean.

Defendants' arguments in the Proposed Motion, as previewed in the Joint Letter, are meritless. Most problematically, Defendants' Joint Letter indicates that the Proposed Motion will rely on a misstatement of law: that the law of Aegean's state of incorporation, the Republic of the Marshall Islands ("**RMI**"), tracks Delaware law such that the two are interchangeable. Joint Letter at 1. But RMI is a sovereign nation with its own Constitution, legislation, and court system. Indeed, the RMI Supreme Court has repeatedly held—including just last year—that only where "not precluded by an RMI constitutional provision, statutory provision, treaty, customary law, or traditional practice," should RMI courts look to the common law of the United States. *Mongaya v. AET MCV Beta LLC*, Case No. 2017-003, at *9–*10 (RMI S. Ct. Aug. 7, 2018); *Samsung v. Focus and Karamehmet*, Case No. 2018-002, at *19 (RMI S. Ct. Sept. 6, 2018) ("In the absence of a substantially similar statute or prior decisional authority, we therefore look to the common law of the United States."); *see also Chee v. Zhang*, Case No. 2016-254, at *23 (RMI H. Ct. Oct. 16, 2017) (noting that, as to tort claims, RMI courts "usually apply the Restatement (Second) of Torts, not any unique Marshall Islands tort law").[1] RMI's Business Corporations Act ("**BCA**") further directs that, with respect to nonresident domestic corporations like Aegean, the BCA should be applied and construed consistent "with the laws of the State of Delaware and other states of the United States of America with substantially similar legislative provisions." 52 Marshall Islands Revised Code ("**MIRC**") § 13; *Samsung*, Case No. 2018-02 at *18–*19 ("We are thus to look to the non-statutory law of Delaware and other states with substantially similar legislative provisions in interpreting the BCA as it applies to non-resident domestic corporations."); *Chee*, Case No. 2016-254 at *22–*23 (citing BCA § 13 and observing that "Marshall Islands law provides that familiar, broadly recognized principles of American corporations law shall apply to nonresident corporations"); *compare with Litwin v. OceanFreight, Inc.*, 865 F. Supp. 2d 385, 391, 397 (S.D.N.Y. 2011) (noting "the parties agree" that RMI law "tracks Delaware law," and "have both treated Delaware law as governing the fiduciary duty claims," citing BCA § 13 in support).

Defendants' improper reliance on Delaware law alone as controlling is largely fatal to the analysis offered in support of the Proposed Motion. For example, Defendants state that they intend to argue in the Proposed Motion that the Trustee's claims are time-barred under Delaware's three-year statute of limitations to the extent those claims "seek damages for any allegedly wrongful acts

---

[1] For the purposes of this response to the Joint Letter, the Trustee has merely included citations to the relevant foreign law, but intends to furnish copies of the same (consistent with FRCP 44.1) should the Trustee be required to file a full brief in opposition to the Proposed Motion.

Re:     *Kravitz v. Tavlarios, et al.*, No. 19 Civ. 8438 (S.D.N.Y.)
December 2, 2019
Page 3

---

that occurred more than three years before filing." Joint Letter at 3. Defendants ignore, however, that RMI has its own statutes of limitations set forth in its Civil Procedure Act that subject claims for breach of fiduciary duty to a six-year limitations period. 29 MIRC § 120. The Transactions described in the Complaint are safely within a six-year limitations period measured from Aegean's November 6, 2018 bankruptcy petition date without even resorting to potentially applicable tolling doctrines under RMI law. 11 U.S.C. § 108(a); *see also, e.g.*, *Golden Pac. Bancorp v. F.D.I.C.*, 273 F.3d 509, 518 (2d Cir. 2001) (noting that limitations period tolled under New York law for claims arising out of a fiduciary relationship "until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated").

      Defendants' remaining arguments that the Trustee has failed to state a claim are equally unavailing. The business judgment rule and the exculpatory clause in Aegean's bylaws do not insulate Defendants from liability for the type of knowing and bad faith conduct alleged by the Trustee in the Complaint. The Trustee repeatedly alleges in the Complaint that Defendants knowingly breached their fiduciary duties by failing to monitor and oversee Aegean's operations, and utterly failed to implement and/or monitor a system of controls. *E.g.,* Complaint ¶¶ 1, 6, 28–29, 43–45, 50–55, 58–76, 79–87, 91–98. Defendants suggest the opposite, that "the Complaint makes clear that Defendants implemented reasonable controls, worked with outside experts to monitor the company's finances, and fulfilled their fiduciary duties," and cite as evidence a single, out-of-context allegation from ¶ 53 of the Complaint that Aegean's Audit Committee engaged outside counsel in November 2017 to review Aegean's accounts receivable. Joint Letter at 3. In reality, the Complaint alleges that during a three-year period under Defendants' watch from 2015 to 2017, Melisanidis caused Aegean to embark on a massive scheme to systematically overstate its receivables as cover for other fraudulent activity (the "**Fake Trade Receivables Scheme**"). Complaint ¶ 46. The Complaint alleges that no documents existed to support the Fake Trade Receivables as legitimate transactions, and that "[e]ven basic monitoring and due diligence by Defendants would have revealed these irregularities," particularly in light of the fact that it was "impossible" for Aegean to process the volume of fuel contemplated by the Fake Trade Receivables. *Id.* ¶¶ 50–51. The Complaint further alleges that even after Aegean's outside auditor alerted the Audit Committee to the irregularities in May 2017, Defendants allowed Aegean to continue amassing Fake Trade Receivables for another six months. *Id.* ¶ 53. By the time the Audit Committee "finally engaged outside counsel" in November 2017, it was "too late" and the Fake Trade Receivables amounted to almost $200 million. *Id*. Under no jurisdiction's law does that course of conduct amount to Defendants fulfilling their fiduciary duties such that the Trustee cannot state a plausible claim for relief as a matter of law at the pleadings stage.

      Accordingly, there is no merit to Defendants' Proposed Motion. The Trustee is prepared to address these issues further at a pre-motion conference or in any additional briefing that the Court may direct.

Re:     *Kravitz v. Tavlarios, et al.*, No. 19 Civ. 8438 (S.D.N.Y.)
December 2, 2019
Page 4

Best Regards,

P. Jason Collins, Partner
REID COLLINS & TSAI LLP

*Counsel for Peter Kravitz, Trustee of the Aegean Litigation Trust*

cc:     All counsel of record (*via* ECF)